# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RUSSELL WHITLEY,           )
                               )
       Plaintiff,        )
                               )
vs.                       )   Case No. 4:13-CV-994
                               )
JENNIFER MCCLAIN, *in her individual* )
*capacity*, CARL COLEMAN, *in his*    )   **JURY TRIAL DEMANDED**
*individual capacity*, TIMOTHY TAYON, )
*in his individual capacity*, and      )
CITY OF UNIVERSITY CITY,      )
MISSOURI,                    )
                               )
       Defendants.     )

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Russell Whitley (hereinafter "Plaintiff"), by and through his attorney, and for his Complaint against Defendant Jennifer McClain (hereinafter "Defendant McClain"), Defendant Carl Coleman (hereinafter "Defendant Coleman"), Defendant Timothy Tayon (hereinafter "Defendant Tayon") and Defendant City of University City, Missouri (hereinafter "Defendant City of University City") and respectfully states to this Honorable Court the following:

1.     This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights and for state law claims against all Defendants.

2.     Plaintiff Russell Whitley, a 52-year-old African-American male, at all times relevant herein was a resident of St. Louis, Missouri.

3.     Plaintiff sues Defendant McClain in her individual capacity.

4.     Plaintiff sues Defendant Coleman in his individual capacity.

5.     Plaintiff sues Defendant Tayon in his individual capacity.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3).

7.      The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

8.      The State of Missouri has waived sovereign immunity against the individual police officers and the City of University City by the enactment of § 105.711, *et seq[1]*.

## Waiver of Sovereign Immunity

9.      Upon information and belief, at the relevant time, Defendant City of University City had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

10.     The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of University City[2].

11.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of University City.

## VENUE

12.     Venue is proper under 28 U.S.C. § 1391(b).

13.     Defendant City of University City is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

14.     Defendant McClain, at all times relevant herein, was a City of University City police

---

[1] Smith v. State of Missouri, 152 S.W.3d 275 (Mo. 2005). *See also* Thomas v. St. Louis Board of Police Commissioners, 447 F.3d 1082 (8th Cir. 2006).
[2] RSMo. 71.180 and/or 537.610.

officer working under the direction and control of the Defendant City of University City.

15.     Defendant Coleman, at all times relevant herein, was a City of University City police officer working under the direction and control of the Defendant City of University City.

16.     Defendant Tayon, at all times relevant herein, was a City of University City police officer working under the direction and control of the Defendant City of University City.

## COLOR OF STATE LAW

17.     At all relevant times, Defendant McClain acted under color of state law.

18.     Particularly, Defendant McClain acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

19.     At all relevant times, Defendant Coleman acted under color of state law.

20.     Particularly, Defendant Coleman acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

21.     At all relevant times, Defendant Tayon acted under color of state law.

22.     Particularly, Defendant Tayon acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL BACKGROUND

23.     On August 1, 2012, Shay Coleman was the owner of Ashton & Friends Childcare Center located at 7141 Olive Boulevard in the City of University City, Missouri.

24.     Prior to August 1, 2012, Shay Coleman hired Plaintiff to service the air conditioner on the roof of Ashton & Friends Childcare Center located at 7141 Olive Boulevard in the City of University City, Missouri.

25.     On August 1, 2012, Shay Coleman gave Plaintiff permission to service the air conditioner, gave Plaintiff the keys to the building at 7141 Olive Boulevard in the City of University

3

City, Missouri and provided Plaintiff with the alarm code to the security alarm.

26.     On August 1, 2012, sometime after 2:00 p.m. Plaintiff traveled to 7141 Olive Boulevard to service the air conditioner of Ashton & Friends Childcare Center.

27.     Plaintiff put a ladder up to climb to the rook to access the air conditioner.

28.     Plaintiff examined the air conditioner.

29.     After examining the air conditioner, Plaintiff descended down the ladder.

30.     As Plaintiff was descending down the ladder, he observed a marked police car drive by the Ashton & Friends Childcare Center and make a U-turn.

31.     The marked police car returned to the Ashton & Friends Childcare Center after making the U-turn and pulled onto the parking lot.

32.     As the marked police car pulled on the parking lot, Plaintiff was standing by his truck, a 2005 black G.M.C. Sierra.

33.     Defendant McClain exited the marked police car and asked Plaintiff what he was doing on the roof.

34.     Defendant McClain is a Caucasian female.

35.     As Defendant McClain arrived on the parking lot, Defendant Tayon also pulled on the parking lot driving a marked police car and Defendant Coleman pulled on the parking lot driving an unmarked police car.

36.     A fourth unmarked police car also pulled on the parking lot, but the officer in the fourth car never exited his vehicle and left the scene shortly after pulling on the parking lot.

37.     Plaintiff told Defendant McClain that he was asked by the business owner to look at the air conditioner on the roof and fix it, if possible.

38.     Plaintiff told Defendant McClain that he had permission to be there, he had the keys

4

to the building and had the code to the business' alarm system.

39.     Defendant McClain asked Plaintiff for identification and Plaintiff gave Defendant McClain his driver license.

40.     As Plaintiff gave Defendant McClain his driver license Defendant Coleman and Defendant Tayon had exited their vehicles and were standing near Plaintiff.

41.     After Plaintiff gave Defendant McClain his driver license Defendant McClain and Defendant Coleman questioned Plaintiff's authority to be at the business.

42.     Plaintiff reiterated that he had permission from the owner, he had the keys and the code to the security alarm and he was there to fix the air conditioner on the roof.

43.     Defendant McClain radioed to dispatch and checked Plaintiff and his vehicle and dispatch informed Defendant McClain that Plaintiff had no warrants and Plaintiff's vehicle was not stolen.

44.     Defendant McClain asked Plaintiff for the owner of Ashton & Friends Childcare Center's name and phone number.

45.     Plaintiff informed Defendant McClain that the owner was Shay Coleman and provided Ms. Coleman's phone number.

46.     Defendant McClain then went back to her vehicle to contact Shay Coleman.

47.     Plaintiff had a knife attached to his belt and in his pocket that he was using to fix the air conditioner.

48.     While Defendant McClain was at her vehicle, Plaintiff, Defendant Coleman and Defendant Tayon were standing near the rear of Plaintiff's truck.

49.     Defendant Coleman asked Plaintiff for the knife and Plaintiff unhooked the knife from his belt and gave the knife to Defendant Coleman.

50.     Defendant Coleman told Plaintiff that he was going to put the knife in Plaintiff's truck and Defendant Coleman told Plaintiff he didn't want Plaintiff to say later that Defendant Coleman stole his knife.

51.     Plaintiff told Defendant Coleman to not go in Plaintiff's truck and told Defendant Coleman that he is not giving him permission to go in his truck.

52.     When Defendant Coleman told Plaintiff that he was going to put the knife in Plaintiff's truck, Plaintiff's truck was parked, not running and all doors were closed.

53.     Defendant Coleman ignored Plaintiff and opened the driver door to Plaintiff's truck.

54.     Defendant Coleman put Plaintiff's knife on the truck dashboard.

55.     Defendant Coleman then bent over and looked under the driver seat.

56.     Defendant Coleman then opened the center counsel of Plaintiff's truck and quickly closed the center counsel.

57.     Defendant Coleman then leaned back out of the truck and said, "I smell marijuana."

58.     Defendant Coleman then asked Plaintiff if he had one or two pounds in the truck.

59.     Defendant McClain return to Plaintiff's truck and told Plaintiff that he was o.k., everything checked out.

60.     Defendant Coleman told Defendant McClain that they had another problem now, that he smelled marijuana in Plaintiff's truck.

61.     Defendant Coleman then told Defendant Tayon to search Plaintiff's truck.

62.     Plaintiff told Defendant Tayon to not go in Plaintiff's truck and told Defendant Tayon that he is not giving him permission to go in his truck.

63.     As Defendant Tayon began to search Plaintiff's truck, Defendant Coleman told Defendant Tayon to look in between the seats.

6

64.     Defendant Tayon made a hand gesture to Defendant Coleman and Defendant McClain.

65.     Defendant McClain then approached the driver door of Plaintiff's truck.

66.     Defendant McClain approached the driver door of Plaintiff's truck, Plaintiff told Defendant McClain to not go in Plaintiff's truck and told Defendant McClain that he is not giving her permission to go in his truck.

67.     Defendant McClain entered Plaintiff's truck and came out with a plastic bag containing a green substance alleged to be marijuana.

68.     Defendant McClain and Defendant Coleman walked to the back of Defendant McClain's police car and had a discussion that Plaintiff could not hear.

69.     Defendant Coleman told Plaintiff he was under arrest and Defendant McClain handcuffed Plaintiff.

70.     Plaintiff was transported to the City of University City Police Department Jail.

71.     Plaintiff spent four hours at the City of University City Police Department Jail and then posted a $200.00 cash bond.

72.     Plaintiff was charged with the municipal charge of VMCSL Possession and the case was assigned No. X201205605-6.

73.     Plaintiff hired an attorney to defend the municipal charge.

74.     A bench trial was held in the University City Municipal Court.

75.     On February 12, 2013, University City Municipal Court Judge Frank Hankin entered a Finding, Judgment and Sentence of Not Guilty on the municipal charge in Case No. X201205605-6. (*See Plaintiff's Exhibit 1 attached hereto*).

## COUNT I
## VIOLATION OF CIVIL RIGHTS – ILLEGAL SEIZURE
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT
## AGAINST DEFENDANT JENNIFER MCCLAIN
## FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
## AND ATTORNEY'S FEES

76.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

77.     Defendant McClain seized Plaintiff and Plaintiff felt he was not free to leave when Defendant McClain stopped Plaintiff and questioned Plaintiff about what he was doing at Ashton & Friends Childcare Center.

78.     An investigatory stop is valid only if "police officers have a reasonable and articulable suspicion that criminal activity may be afoot[3]."

79.     It was clearly established that a person's presence in a suspicious location does not, in and of itself, provide law enforcement with a reasonable, articulable suspicion[4].

80.     Defendant McClain stopped Plaintiff without reasonable suspicion.

81.     Defendant McClain acted in a manner, which was objectively unreasonable.

82.     A reasonable officer, without the benefit of 20/20 hindsight, would not have stopped and seized Plaintiff

83.     This case is not in a "hazy border", but is unequivocal[5].

84.     The actions of Defendant McClain violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be:

    a.      Safe from unreasonable seizure.

### Compensatory Damages

85.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant McClain in her individual capacity.

---

[3] United States v. Navarrete–Barron, 192 F.3d 786, 790 (8th Cir. 1999).
[4] See Brown v. Texas, 443 U.S. 47, 52, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).
[5] Saucier v. Katz, 533 U.S. 194, 206 (2001).

**Punitive Damages**

86.     Defendant McClain's actions against Plaintiff were:

    a.      Reckless;

    b.      Showed callous indifference toward the rights of Plaintiff; and

    c.      Were taken in the face of a perceived risk that the actions would violate federal law.

87.     Plaintiff is entitled to an award of punitive damages against Defendant McClain in her individual capacity, in order to punish her and to deter others.

**Attorney's Fees**

88.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant McClain in her individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS – ILLEGAL SEARCH**
**42 U.S.C. § 1983 AND FOURTH AMENDMENT**
**AGAINST DEFENDANT JENNIFER MCCLAIN, DEFENDANT CARL COLEMAN**
**AND DEFENDANT TIMOTHY TAYON**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

89.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

90.     Defendant McClain conducted the search of Plaintiff's truck without a warrant, without probable cause, and in an unreasonable manner.

91.     Defendant Coleman conducted the search of Plaintiff's truck without a warrant,

without probable cause, and in an unreasonable manner.

92.     Defendant Tayon conducted the search of Plaintiff's truck without a warrant, without probable cause, and in an unreasonable manner.

93.     There were no exigent circumstances giving rise to Defendant McClain, Defendant Coleman or Defendant Tayon's search of Plaintiff's truck.

94.     Plaintiff did not consent to Defendant McClain's search of Plaintiff's truck.

95.     Plaintiff did not consent to Defendant Coleman's search of Plaintiff's truck.

96.     Plaintiff did not consent to Defendant Tayon's search of Plaintiff's truck.

97.     Defendant McClain, Defendant Coleman and Defendant Tayon acted in a manner, which was objectively unreasonable.

98.     A reasonable officer, without the benefit of 20/20 hindsight, would not have searched Plaintiff's truck

99.     This case is not in a "hazy border", but is unequivocal[6].

100.    The actions of Defendant McClain, Defendant Coleman and Defendant Tayon violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be:

      a.     Safe from unreasonable searches.

### Compensatory Damages

101.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant McClain in her individual capacity, Defendant Coleman in his individual capacity and Defendant Tayon in his individual capacity.

### Punitive Damages

102.    Defendant McClain, Defendant Coleman and Defendant Tayon's actions against

---

[6] Saucier v. Katz, 533 U.S. 194, 206 (2001).

Plaintiff were:

      a.      Reckless;

      b.      Showed callous indifference toward the rights of Plaintiff; and

      c.      Were taken in the face of a perceived risk that the actions would violate federal law.

103.     Plaintiff is entitled to an award of punitive damages against Defendant McClain in her individual capacity, Defendant Coleman in his individual capacity and Defendant Tayon in his individual capacity, in order to punish them and to deter others.

**Attorney's Fees**

104.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant McClain in her individual capacity, Defendant Coleman in his individual capacity and Defendant Tayon in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS – FALSE ARREST**
**42 U.S.C. § 1983, FOURTH AND FOURTEENTH AMENDMENTS**
**AGAINST DEFENDANT JENNIFER MCCLAIN AND DEFENDANT CARL COLEMAN**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

105.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

106.     Defendant McClain and Defendant Coleman falsely arrested Plaintiff because they lacked probable cause to make the arrest[7].

---

[7] Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001).

11

107.    Defendant McClain and Defendant Coleman based their arrest upon an alleged plastic bag of marijuana in Plaintiff's truck obtained from an illegal search.

108.    As a result of the false arrest, Plaintiff sustained damages as alleged herein.

### Compensatory Damages

109.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant McClain, in her individual capacity and Defendant Coleman, in his individual capacity.

### Punitive Damages

110.    Defendant McClain and Defendant Coleman's actions against Plaintiff were:

a.      Reckless;

b.      Showed callous indifference toward the rights of Plaintiff; and

c.      Were taken in the face of a perceived risk that the actions would violate federal law.

111.    Plaintiff is entitled to an award of punitive damages against Defendant McClain, in her individual capacity and Defendant Coleman, in his individual capacity, in order to punish them and to deter others.

### Attorney's Fees

112.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant McClain, in her individual capacity and Defendant Coleman, in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS - EQUAL PROTECTION
## 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
## AGAINST DEFENDANT JENNIFER MCCLAIN
## FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
## AND ATTORNEY'S FEES

113.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

114.    Defendant McClain stopped Plaintiff because of his race.

115.    Particularly, Defendant McClain turned her vehicle around because she law a black man on a ladder next to a business.

116.    Defendant McClain's stopping Plaintiff because of his race violated Plaintiff's civil rights under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1983[8].

### Compensatory Damages

117.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant McClain  in her individual capacity.

### Punitive Damages

118.    Defendant McClain's actions were:

    a.    Reckless;

    b.    Showed callous indifference toward the rights of Plaintiff; and

    c.    Were taken in the face of a perceived risk that the actions would violate federal law.

119.    Plaintiff is entitled to an award of punitive damages against Defendant McClain  in her individual capacity, in order to punish her and to deter others.

### Attorney's Fees

120.    Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he

---

[8] Johnson v. Crooks, 326 F.3d 995, 999 (8th Cir. 2003).

will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant McClain in her individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT V**
**VIOLATION OF CIVIL RIGHTS – CONSPIRACY**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT**
**AGAINST DEFENDANT JENNIFER MCCLAIN AND DEFENDANT CARL COLEMAN**
**AND DEFENDANT TIMOTHY TAYON**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

121.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

122.    Defendant McClain, Defendant Coleman and Defendant Tayon acted in concert in illegally searching Plaintiff's truck[9].

123.    Defendant McClain, Defendant Coleman and Defendant Tayon had a meeting of the minds to achieve the conspiracy's objectives as evidenced by their communication and interaction with each other on August 1, 2012[10].

124.    Plaintiff was injured in being arrested as a result of Defendant McClain, Defendant Coleman and Defendant Tayon's illegal search of Plaintiff's truck.

**Compensatory Damages**

125.    Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant McClain, Defendant Coleman and Defendant Tayon.

---

[9] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[10] Hampton v. Hanrahan, 600 F.2d 600, 620-24 (7th Cir. 1979), *cert. granted in part, judgment rev'd in part on other grounds*, 446 U.S. 754, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980).

**Punitive Damages**

126.     Defendant McClain, Defendant Coleman and Defendant Tayon's actions were:

     a.        Reckless;

     b.        Showed callous indifference toward the rights of Plaintiff; and

     c.        Were taken in the face of a perceived risk that the actions would violate federal law.

127.     Plaintiff is entitled to an award of punitive damages against Defendant McClain, in her individual capacity, Defendant Coleman, in his individual capacity, and Defendant Tayon, in his individual capacity, in order to punish them and to deter others.

**Attorney's Fees**

128.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. §§ 1983 and 1988 against Defendant McClain, in her individual capacity, Defendant Coleman, in his individual capacity, and Defendant Tayon, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT VI**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT**
**AGAINST DEFENDANT CITY OF UNIVERSITY CITY, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

129.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**1st Alternative Basis of Municipal Liability**

**Delegation to Defendant McClain, Defendant Coleman and Defendant Tayon**

130.    As the first alternate basis for liability against Defendant City of University City, the policy maker for Defendant City of University City is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant McClain, Defendant Coleman and Defendant Tayon to make policy.

131.    The delegation of authority by the actual policy maker of Defendant City of University City placed Defendant McClain, Defendant Coleman and Defendant Tayon in a policy making position, and the acts of Defendant McClain, Defendant Coleman and Defendant Tayon may fairly be said to be those of the municipality[11].

132.    Those acts therefore subject Defendant City of University City to liability for the constitutional violations of Defendant McClain, Defendant Coleman and Defendant Tayon[12].

**2nd Alternative Basis of Municipal Liability – Failure to Hire, Train, Supervise, Control**

133.    As the second alternative basis for liability against Defendant City of University City, Defendant City of University City failed to properly hire, train, supervise, control and/or discipline Defendant McClain, Defendant Coleman and Defendant Tayon.

134.    Defendant City of University City was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant McClain, Defendant Coleman and Defendant Tayon such that those failures reflected a deliberate or conscious choice by Defendant City of University City[13].

135.    Those deficiencies caused Plaintiff damages[14].

136.    In light of the fact that it was Defendant McClain, Defendant Coleman and Defendant Tayon who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the

---

[11] Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397 (1997).
[12] Id. at 483; *see also* Kujawski v. Board of Com'rs of Bartholomew County, Ind., 183 F.3d 734, 737 (7th Cir. 1999).
[13] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[14] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).

policymakers of Defendant City of University City can reasonably be said to have been deliberately indifferent to the need[15].

137.    If Defendant City of University City had properly hired, trained, supervised, controlled and/or disciplined Defendant McClain, Defendant Coleman and Defendant Tayon, the constitutional violations committed by Defendant McClain, Defendant Coleman and Defendant Tayon would not have occurred.

138.    These failures by Defendant City of University City to hire, train, supervise, control and/or discipline Defendant McClain, Defendant Coleman and Defendant Tayon subject Defendant City of University City to liability for the constitutional violations committed by Defendant McClain, Defendant Coleman and Defendant Tayon.

**3rd Alternative Basis of Municipal Liability – Pattern of Transgressions**

139.    As the third alternative basis for liability against Defendant City of University City, the acts of Defendant McClain, Defendant Coleman and Defendant Tayon were part of a pattern of transgressions, of which Defendant City of University City knew or should have known.

140.    The failure of Defendant City of University City to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant City of University City to condone or otherwise tolerate such constitutional violations.

141.    Defendant City of University City thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue.

142.    There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[16].

---

[15] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).
[16] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

143.     Defendant City of University City's failure amounted to deliberate indifference to the rights persons with whom Defendant McClain, Defendant Coleman and Defendant Tayon came in contact, particularly including Plaintiff.

144.     Those failures by Defendant City of University City to act proactively to prevent these constitutional violations subject Defendant City of University City to liability for the constitutional violations committed by Defendant McClain, Defendant Coleman and Defendant Tayon.

### Compensatory Damages

145.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of University City.

### Attorney's Fees

146.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of University City for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT VII
### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR*
### AGAINST DEFENDANT CITY OF UNIVERSITY CITY, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

147.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

148.     At all relevant times Defendant McClain, Defendant Coleman and Defendant Tayon were:

a.      Serving as an employee of Defendant City of University City as a police

18

officer;

      b.     Engaging in a government function; and

      c.     Acting within the course and scope of that employment.

149.    Defendant City of University City is liable under a theory of *respondeat superior*[17].

150.    The actions of Defendant McClain, Defendant Coleman and Defendant Tayon caused Plaintiff to suffer the damages outlined herein.

## Compensatory Damages

151.    Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of University City.

## Attorney's Fees

152.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of University City for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## SUPPLEMENTAL STATE CLAIMS

### COUNT VIII
### FALSE IMPRISONMENT
### AGAINST DEFENDANT JENNIFER MCCLAIN AND DEFENDANT CARL COLEMAN
### FOR COMPENSATORY AND PUNITIVE DAMAGES
### AND DEFENDANT CITY OF UNIVERSITY CITY, MISSOURI
### FOR COMPENSATORY DAMAGES ONLY

153.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

154.    Plaintiff was detained against his will by Defendant McClain and Defendant

---

[17] Plaintiff makes this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).

Coleman and the detention was performed without legal justification[18].

155.    All actions by Defendant McClain and Defendant Coleman were unlawful and unjustified.

156.    Plaintiff sustained damages, outlined herein, as a result of the false imprisonment.

157.    Plaintiff is entitled to compensatory and punitive damages for false imprisonment against Defendant McClain and Defendant Coleman.

158.    At the time of the false imprisonment of Plaintiff, Defendant McClain and Defendant Coleman were ostensibly acting (even though improperly) to benefit their employer's policing function.

159.    Defendant McClain and Defendant Coleman's actions were therefore within the scope of their employment.

160.    Defendant City of University City is therefore liable under a theory of *respondeat superior*[19].

WHEREFORE, Plaintiff prays for judgment for false imprisonment against Defendant McClain, in her individual capacity, Defendant Coleman, in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for false imprisonment against Defendant City of University City under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

---

[18] Desai v. SSM Health Care, 865 S.W.2d 833, 836 (Mo. App. E.D. 1993).
[19] Burnett v. Griffith, 739 S.W.2d 712, 715 (Mo. 1987)

**COUNT IX**
**MALICIOUS PROSECUTION**
**AGAINST DEFENDANT JENNIFER MCCLAIN, DEFENDANT CARL COLEMAN**
**AND DEFENDANT TIMOTHY TAYON**
**FOR COMPENSATORY AND PUNITIVE DAMAGES**

161.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

162.    The prior municipal criminal case against Plaintiff was commenced in the University City Municipal Court[20].

163.    The prior municipal criminal case against Plaintiff was instigated by Defendant McClain, Defendant Coleman and Defendant Tayon by presenting alleged facts to the University City Prosecuting Attorney[21].

164.    The prior municipal criminal case against Plaintiff was terminated in Plaintiff's favor by a judge's finding of not guilty[22].

165.    There was lack of probable cause for the municipal criminal case against Plaintiff[23].

166.    Plaintiff sustained damages as a result of the municipal criminal case, including but not limited to, attorney's fees and costs[24].

167.    Plaintiff is entitled to compensatory and punitive damages for malicious prosecution against Defendant McClain, Defendant Coleman and Defendant Tayon as their actions were willful, wanton and malicious.

WHEREFORE, Plaintiff prays for judgment for malicious prosecution against Defendant McClain, Defendant Coleman and Defendant Tayon for compensatory damages in a fair and reasonable amount, for punitive damages and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

---

[20] Anton v. Police Retirement Sys. of St. Louis, 925 S.W.2d 900, 905 (Mo. App. E.D. 1996).
[21] Id.
[22] Id.
[23] Id.
[24] Id.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
       James W. Schottel, Jr.    #51285MO
       906 Olive St., PH
       St. Louis, MO 63101
       (314) 421-0350
       (314) 421-4060 facsimile
       jwsj@schotteljustice.com

       Attorney for Plaintiff
       Russell Whitley