UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL WHITLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-994 (CEJ) |
| ) | |
| JENNIFER McCLAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel defendants Jennifer McClain, Carl Coleman, and Timothy Tayon to fully answer Interrogatories 2(b), 8, 11, 19, and 21, and to respond to Requests for Production 3, 10, and 11. Defendants have responded in opposition, and the issues are fully briefed.[1]

Plaintiff brings suit against defendants, police officers for the municipality of University City, Missouri, under 42 U.S.C. § 1983. He claims that defendants violated his rights under the Fourth and Fourteenth Amendments when they illegally seized him, searched his vehicle, and falsely arrested him on August 1, 2012. Plaintiff also asserts state law claims of false imprisonment and malicious prosecution, and claims of municipal liability against defendant University City.

### Answers Subject to Objections

Defendants have responded to some interrogatories and requests for production "subject to" their stated objections. Plaintiff argues that those objections must be

---

[1] The Case Management Order issued in this case requires that motions to compel be filed within 15 days following the event that is the subject of the motion. The instant motion was filed over five months after defendants objected to plaintiff's discovery requests. Plaintiff explains that his counsel's serious health issues and surgeries prevented the timely filing of his motion. Because there is good cause for plaintiff's delay, and because defendants did not raise an objection based on the tardiness of the motion, the Court will consider the motion on the merits.

overruled. He relies on Mann v. Island Resorts Dev., Inc., No. 3:08cv297/RS/EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009), which held that answers subject to objections are not allowed under the Federal Rules of Civil Procedure. However, Mann did not take into account the 1993 amendment to Rule 33, expressly allowing for both objections and answers. "Where previously the Rule said that if an objection was asserted it would be *in lieu of answer*, the 1993 amendment provided that the responding party must answer to the extent the interrogatory is not objectionable, despite the objection." Schipper v. BNSF Ry., 2:07-CV-2249-JWL-DJW, 2008 WL 2358748, at *1 (D. Kan. June 6, 2008); Thermapure, Inc. v. Giertsen Co. of Ill., Inc., No. 10-C-4724, 2013 WL 1222330, at *2-3 (N.D. Ill. Mar. 25, 2013); but see Sprint Comm'cns Co., L.P. v. Comcast Cable Comm'cn, LLC, Nos. 11-2684-6-JWL, 2014 WL 545544, at *2-3 (D. Kan. Feb. 11, 2014) (holding that an answer accompanied by an objection constitutes a waiver of the objection, and that "asserting objections and then answering 'subject to' or 'without waiving'… objections…. is manifestly confusing (at best) and misleading (at worse)…").

Defendants' objections to plaintiff's requests are neither confusing nor misleading. It is clear from those objections and answers which portions of plaintiff's interrogatories and requests for production defendants find objectionable. The Court disagrees with plaintiff's argument that defendants' objections must be overruled on this basis, and accordingly, the Court will address those objections on the merits.

**Interrogatory 2(b)**

Interrogatory 2(b) asks for the date of birth of each defendant. Defendants objected that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, defendants disclosed their ages

but not their dates of birth. Plaintiff explains that he will use the birth date information to conduct independent background checks, which may lead to evidence regarding prior arrests, convictions, and lawsuits. The Court find that this evidence is relevant and defendants will be required to answer Interrogatory 2(b) in full.

**Interrogatory 8**

Defendant Coleman was the only defendant to object to Interrogatory 8, which requests information on prior civil lawsuits related to his actions as a law enforcement officer. Defendant objected to the interrogatory as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant went on to state, "[s]ubject to this objection, none with respect to police misconduct regarding searches or seizures." Prior lawsuits are only relevant insofar as they involve allegations of misconduct similar to those alleged in plaintiff's complaint. The defendant's objection is sustained, and the motion to compel is denied as to Interrogatory 8.

**Interrogatory 11**

Interrogatory 11 reads as follows:

Please state the facts of what occurred when you encountered Plaintiff on the date of the incident mentioned in Plaintiff's Complaint. Your description should include, but not be limited to:

(a) The circumstances in which you encountered Plaintiff and the reasons why you went to the location of the incident described in the Complaint;

(b) The names and badge numbers of all University City police officers, law enforcement personnel or employees present during or having anything to do with the incident described in the Complaint;

(c) The nature of the contact with Plaintiff, if any, and the reasons for the contact made with Plaintiff;

(d) Any searches you performed; and

(e) Any statements to or from the other University City police officers, law enforcement personnel or employees at the scene where Plaintiff was detained as described in the Complaint.

Defendants objected to this interrogatory as overbroad and vague. Subject to that objection, defendants answered by citing to the written police report produced to plaintiff.

The Court agrees that this generalized request for a statement of the facts is overly broad and vague. <u>See</u>, <u>e.g.</u>, <u>Brassell v. Turner</u>, No. 3:05-CV-476LS, 2006 WL 1806465, at *2 (S.D. Miss. June 29, 2006) ("[T]he court finds [the disputed interrogatory] overly broad and unduly burdensome, as it asks for the Defendant's 'actions' on the subject date, which could include every time he scratched his nose…. Similarly … a description of the Defendant's encounter with the Plaintiff could include a recitation of weather conditions."). Defendants' citation to the police report is a reasonably narrowed response to plaintiff's unreasonable request. Plaintiff may seek additional information through depositions, during which questions may be clarified and tailored to lead to relevant responses. The motion to compel is denied as to Interrogatory 11.

### Interrogatory 21

Interrogatory 21 asks whether the defendants stopped, questioned, or detained plaintiff, or searched plaintiff's vehicle, and if so, why. Defendants raised several objections, including overbreadth. The Court disagrees, and finds no fault with this interrogatory, which seeks relevant information through a reasonably tailored question. The motion to compel is granted as to Interrogatory 21.

### Interrogatory 19 and Requests for Production 10 and 11

Interrogatory 19 requests a statement of defendants' real estate and personal assets, including the location, fair market value, and co-owners of those assets, the length of time of ownership, and liens or encumbrances on the assets. Requests for Production 10 and 11 request all federal, state and local income tax returns filed by defendants and corporate entities owned by defendants for the years 2011 and 2012. Defendants objected to this interrogatory and these requests for production as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, a "fishing expedition," harassing, and contrary to Missouri law.

The Court disagrees with defendants' objections. Information relating to defendants' net worth is relevant to plaintiff's claim for punitive damages, and is discoverable at this time. See Eastman Kodak Credit Corp. v. Gustin, No. 89-0355-CV-W-6, 1990 U.S. Dist. LEXIS 13500, at *2 (W.D. Mo. Oct. 9, 1990) ("When punitive damages are claimed it is well settled that the net worth of the defendant is discoverable."); see also Evantigroup, LLC v. Mangia Mobile, LLC, No. 4:11-CV-1328 (CEJ), 2013 WL 74372, at *1 (E.D. Mo. Jan. 7, 2013). This well-established rule applies in equal force to suits brought under § 1983, despite that Section's demanding standard for an award of punitive damages. Defendants' citations to Missouri law are unpersuasive, as the Court is exercising federal question jurisdiction over this case, and federal law applies. Any privacy concerns may be addressed in a motion for a protective order. The motion to compel as to Interrogatory 19 and Requests for Production 10 and 11 is granted.

### Request for Production 3

Plaintiff requests all records of any disciplinary actions taken against defendants by law enforcement employers throughout their careers through August 1, 2012.

Defendants objected to this request as overly broad, and responded that, "regarding any discipline for matters actually identified in the claims made in Plaintiff's Complaint: None." While prior disciplinary action for misconduct similar to that alleged in plaintiff's complaint is relevant to the claim of municipal liability, the Court agrees that plaintiff's request, as phrased, is overbroad. The motion to compel is denied as to Request for Production 3.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #18] is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that defendants shall have until **April 25, 2014**, to answer Interrogatories 2(b), 19, and 21 in full, and to respond to Requests for Production 10 and 11 in full.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2014.