UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL WHITLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-994 (CEJ) |
| ) | |
| JENNIFER McCLAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel defendant University City to fully answer Interrogatories 17, 19, and 20, and to respond to Requests for Production 3, 4, 5, 9, 10, and 11. Defendant has responded in opposition, and the issues are fully briefed.[1]

Plaintiff brings suit against defendant University City, seeking to hold it liable for the alleged Constitutional violations of its police officers under theories of municipal liability and *respondeat superior*. Plaintiff claims that police officers of University City violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution when they illegally seized his person, searched his vehicle, and falsely arrested him on August 1, 2012.

### Answers Subject to Objections

Defendant has responded to some interrogatories and requests for production "subject to" its stated objections. Plaintiff argues that those objections must be

---

[1] The Case Management Order issued in this case requires that motions to compel be filed within 15 days following the event that is the subject of the motion. The instant motion was filed over five months after defendant objected to plaintiff's discovery requests. Plaintiff explains that his counsel's serious health issues and surgeries prevented the timely filing of his motion. Because there is good cause for plaintiff's delay, and because defendant did not raise an objection to the Court addressing plaintiff's motion despite its tardiness, the Court will consider the motion on the merits.

overruled. He relies on Mann v. Island Resorts Dev., Inc., No. 3:08cv297/RS/EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009), which held that answers subject to objections are not allowed under the Federal Rules of Civil Procedure. However, Mann did not take into account the 1993 amendment to Rule 33, expressly allowing for both objections and answers. "Where previously the Rule said that if an objection was asserted it would be *in lieu of answer*, the 1993 amendment provided that the responding party must answer to the extent the interrogatory is not objectionable, despite the objection." Schipper v. BNSF Ry., 2:07-CV-2249-JWL-DJW, 2008 WL 2358748, at *1 (D. Kan. June 6, 2008); Thermapure, Inc. v. Giertsen Co. of Ill., Inc., No. 10-C-4724, 2013 WL 1222330, at *2-3 (N.D. Ill. Mar. 25, 2013); but see Sprint Comm'cns Co., L.P. v. Comcast Cable Comm'cn, LLC, Nos. 11-2684-6-JWL, 2014 WL 545544, at *2-3 (D. Kan. Feb. 11, 2014) (holding that an answer accompanied by an objection constitutes a waiver of the objection, and that "asserting objections and then answering 'subject to' or 'without waiving'… objections…. is manifestly confusing (at best) and misleading (at worse)…").

Defendant's objections to plaintiff's requests are neither confusing nor misleading. It is clear from those objections and answers which portions of plaintiff's interrogatories and requests for production defendant finds objectionable. The Court disagrees with plaintiff's argument that defendant's objections must be overruled on this basis, and accordingly, the Court will address those objections on the merits.

### Interrogatory 17

Interrogatory 17 asks defendant to "identify all documents that reference in any way contact by law enforcement officers of the University City Police Department or communication with Plaintiff that occurred on August 1, 2012 regarding the incident

described in Plaintiff's Complaint, including, but not limited to, police reports, investigation reports, Computer Assisted Dispatch (CAD) sheets, radio tape transcripts, patrol logs, custody logs and use of force forms." Defendant objected to this request as demanding information protected by the work product doctrine, the attorney-client privilege, the insurer-insured privilege, and the common interest doctrine. Subject to these objections, defendant stated, "please see the documents produced, including the Police Report and Supplemental Report."

There is no doubt that privileged documents fall within the broad sweep of this interrogatory, and defendant has a right to withhold such documents. Moreover, defendant's answer referring plaintiff to the documents produced is adequate. Defendant's objection is sustained, and the motion to compel a full answer to Interrogatory 17 is denied.

**Interrogatory 19**

Interrogatory 19 asks for a statement of "all incidents for which [the defendant officers] have been the subject of a police department investigation for misconduct for the entire period of [their] employment with the University City Police Department up to August 1, 2012. For each incident, further identify the outcome of the investigation, including both the decision rendered and any disciplinary action or other consequence that followed as a result therefrom."

Defendant objected to this interrogatory as overly broad in scope and time, a "fishing expedition," and not reasonably calculated to lead to the discovery of admissible evidence. "Subject to this objection and narrowed to the areas regarding the claims made in Plaintiff's Complaint," defendant stated that no such incidents exist.

Plaintiff argues that prior incidents of investigation and discipline are relevant to his claims under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). While incidents of misconduct similar to those alleged in the complaint are relevant to plaintiff's Monell claim, plaintiff's interrogatory is not limited to those incidents. Plaintiff's interrogatory is overbroad, and the motion to compel as to Interrogatory 19 is denied.

**Interrogatory 20**

Interrogatory 20 asks defendant to state "whether the University City Police Department and/or the City of University City, Missouri has a procedure or system in place to identify police officers who have been the subject of previous citizens' complaints or internal departmental complaints of misconduct" and if so, to provide the details of that system. Defendant objected to this interrogatory as vague, and went on to state that there is no system in place, "though the City retains counseling forms, reprimands, complaints, letters of commendation, etc. (See Policies and Procedures, which are attached)." The Court agrees that the interrogatory is vague, and defendant has provided a reasonable response to its understanding of the question. The motion to compel as to Interrogatory 20 is denied.

**Requests for Production 3, 4, and 5**

Plaintiff requests that defendant produce the personnel files of the officer defendants for the seven years prior to August 1, 2012, redacted to exclude information protected by privacy laws, including social security numbers and health care records. Again, plaintiff argues that this information is relevant to his Monell claim. Defendant objects that this request is overbroad, not reasonably limited in scope or time, and requests confidential information. Defendant produced redacted versions of the personnel files. The Court agrees that the request is overbroad, as it

-4-

will lead to the production of irrelevant information. Defendant must produce the portions of the personnel files that are relevant to plaintiff's claims, including any portion relating to alleged misconduct or discipline for misconduct similar to that alleged in the complaint. To the extent defendant has not already produced those relevant portions of the personnel files, plaintiff's motion to compel as to Requests for Production 3, 4, and 5 is granted.

### Requests for Production 9, 10, and 11

Plaintiff requests the production of records of all disciplinary actions taken against the officer defendants "by any and all law enforcement employers throughout defendants' careers up to August 1, 2012, to the extent such information is within your control." Again, defendant objected that the requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to that objection, defendants stated that, regarding any discipline for matters actually identified in the claims made in the complaint, no such records exist. Again, plaintiff relies on his Monell claim, but only discipline for misconduct similar to that alleged in this instant complaint - illegal searches and seizures, and equal protection violations - are relevant to that claim. To the extent defendant has not already produced those relevant portions of disciplinary records, the motion to compel as to Requests for Production 9, 10, and 11 is granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #16] is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that defendant shall have until **April 25, 2014**, to respond to Requests for Production 3, 4, 5, 9, 10, and 11 as set out above.

Failure to comply with this Order may result in the imposition of sanctions authorized under Rule 37(b)(2).

                                                                                           _____
                                                                  CAROL E. JACKSON
                                                                  UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2014.